# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JAY COLEMAN CONNOR,<br><br>*Plaintiff,*<br><br>vs.<br><br>LIVECARE, INC.,<br><br>*Defendant.* | No.<br><br>**CLASS ACTION COMPLAINT**<br><br><br>**(Jury Trial Requested)** |

Plaintiff Jay Connor ("Plaintiff"), on behalf of himself and all others similarly situated, makes the following allegations against Defendant LiveCare, Inc. ("Defendant") based upon Plaintiff's own knowledge, information, attorney investigation, and belief:

## PRELIMINARY STATEMENT

1. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans

'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have

suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. The Plaintiff also brings this putative class action pursuant to the South Carolina Telephone Privacy Protection Act ("SCTPPA"), S.C. Code § 37-21-10, *et seq*.

4. Mr. Connor alleges that Defendant sent him multiple calls to a number listed on the National Do Not Call Registry, which violates both the TCPA and the SCTPPA.

5. Mr. Connor also alleges that LiveCare, Inc. uses automated systems to make telemarketing calls from Florida, and that by doing so, LiveCare, Inc. has violated the provisions of the Florida Telephone Solicitations Act, Fla. Sta § 501.059.

6. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, he sues on behalf of a proposed class of other persons who received similar calls.

## JURISDICTION

7. Plaintiff is a State of South Carolina resident.

8. Defendant LiveCare, Inc. is corporation that has a principal place of business at 1500 E. Venice Ave., Suite 411, Venice, FL 34292 in this District.

9. This Court has jurisdiction over this action because the sending of the phone calls at issue occurred from this District and violated the TCPA. The Court has supplemental jurisdiction over the SCTPPA and FTSA claims because they arise from the same calls as the TCPA claim.

10. Venue is proper based on the sending of the calls at issue from this jurisdiction.

## THE TELEPHONE CONSUMER PROTECTION ACT

<u>The National Do Not Call Registry</u>

11. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

12. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

13. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

The Florida Telephone Solicitations Act

14. The Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059 was amended by Senate Bill No. 1120 on July 1, 2021.

15. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection and dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

16. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

17. Pursuant to § 501.059(10)(a) of the FTSA, damages are available at a minimum of $500.00 for each violation.

The South Carolina Telephone Privacy Protection Act

18. On May 18, 2018, the State of South Carolina signed into law the South Carolina Telephone Privacy Protection Act, S.C. Code § 37-21-10, *et seq*.

19. The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to

initiate, a telephone solicitation to a South Carolina telephone number that has been listed on the National Do Not Call Registry. *See* S.C. Code § 37-21-70.

20. The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA as well as attorneys' fees and costs. S.C. Code § 37-21-80.

## FACTUAL ALLEGATIONS

21. The Plaintiff is a natural person.

22. The Plaintiff's telephone number is (843) 557-XXXX.

23. That telephone number has been on the National Do Not Call Registry since 2009.

24. That telephone number is used for residential purposes.

25. The Plaintiff has previously complained to, and filed a lawsuit against the Defendant, for calling his number without his consent.

26. Despite this, on February 5, 7 and 12, 2025, the Plaintiff received telemarketing calls from the Defendant.

27. The telemarketing calls were made to offer the Defendant's diabetic health consulting services.

28. On the February 12, 2025 call, the caller Romain identified himself as calling from Live Care Health and working for the company.

29. The call offered the Defendant's home monitoring technology for diabetic issues.

30. The caller provided the Defendant's website, www.livecarehealth.com.

31. After answering the calls but prior to speaking with anyone, there was a long pause and a click before the Plaintiff spoke to anyone.

32. As such, all of the calls were sent by an automated call system, as evidenced by the fact that the Plaintiffs heard a distinct click and pause after picking up the phone and an elongated delay prior to hearing a response from the call recipient after he said "hello".

33. The calls received by Plaintiff were sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services as they seek to have him sign up for Defendant's diabetic health consulting services.

34. These calls qualified as telemarketing.  47 C.F.R. § 64.1200(f)(12).

35. The unauthorized telephonic sales calls that Plaintiff received from Defendant, as alleged herein, have harmed the Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware and the consumption of memory on the phone.

## CLASS ACTION ALLEGATIONS

36. Plaintiff brings this action on behalf of himself and as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure on behalf of the following classes:

> **Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.
>
> **Florida Telephone Solicitation Act Autodial Class:** All persons in the U.S., who, (1) received a telephonic sales call regarding Defendant's goods and/or services made from or to Florida, (2) using the same equipment or type of equipment utilized to call Plaintiff (3) from July 1, 2021 through the date of trial.
>
> **SCTPPA Class:** All persons with a South Carolina area code to whom (1) at any time from May 18, 2018 until trial, (2) Defendant, or someone on their behalf, (3) placed at least one call, (4) where it called a number on the National Do Not Call Registry, (5) while promoting their services.

37. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

38. Class members are identifiable through phone records and phone number databases that will be obtained through discovery.

39. Based on the automated nature of calling campaign, there are likely hundreds of class members. Individual joinder of these persons is impracticable.

40. There are questions of law and fact common to Plaintiff and the proposed classes, including:

    a. Whether the Defendant contacted numbers on the National Do Not Call Registry;

    b. Whether the Defendant made such calls to South Carolina area codes;

    c. Whether Defendant made such calls to or from Florida;

    d. Whether the Defendant made such calls with express written consent;

    e. Whether the Defendant's calls utilized an automated dialing system restricted by the FTSA; and

    f. Whether the Plaintiff and the class members are entitled to statutory damages because of the Defendant's actions.

41. Plaintiff's claims are based on the same facts and legal theories as class members' claims, and therefore are typical of the class members' claims.

42. Plaintiff is an adequate representative of the classes because his interests do not conflict with the class's interests, he will fairly and adequately

protect the class's interests, and he is represented by counsel skilled and experienced in litigating class actions.

43. The Defendant's actions are applicable to the class and to Plaintiff.

## FOR A FIRST CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### 47 U.S.C. § 227
### On Behalf of Plaintiff and the Telephone Consumer Protection Act Do Not Call Registry Class

44. The above allegations of paragraphs 1-43 are repeated and realleged herein as if set forth herein.

45. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

46. The Defendant's violations were negligent, willful, or knowing.

47. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

48. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**FOR A SECOND CAUSE OF ACTION**
**Violation of the Florida Telephone Solicitation Act,**
**Fla. Stat. § 501.059**
**On Behalf of Plaintiff and the Florida Telephone Solicitation Act Autodial Class**

49. The above allegations of paragraphs 1-43 are repeated and realleged herein as if set forth herein.

50. Plaintiff brings this claim individually and on behalf of the Florida Telephone Solicitation Act Autodial Class Members against Defendant.

51. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection and dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

52. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation

of a sale of consumer goods or services or an extension of credit for such purposes."
Fla. Stat. § 501.059(1)(i).

53. Defendant failed to secure prior express written consent from Plaintiffs and the Class Members.

54. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiffs and the Class members without Plaintiffs' and the Class members' prior express written consent.

55. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiffs and the Class members to be made utilizing an automated system for the selection and dialing of telephone numbers.

56. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiffs and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiffs and the Class members are also entitled to an injunction against future calls. *Id.*

### FOR A THIRD CAUSE OF ACTION
**Violation of SC Telephone Privacy Protection Act**
**On behalf of Plaintiff and the SCTPPA Class**

57. The above allegations of paragraphs 1-43 are repeated and realleged herein as if set forth herein.

58.     Defendant violated the SC Telephone Privacy Protection Act by contacting class members' South Carolina numbers that were listed on National Do Not Call Registry, or by the fact that others did so on their behalf.

59.     The Plaintiff, on behalf of the class, also seeks an injunction, which the SC Telephone Privacy Protection Act explicitly permits, preventing the Defendant from using a South preventing the Defendant from calling a South Carolina number on the National Do Not Call Registry, or from anyone doing so on their behalf.

## PRAYER FOR RELIEF

Plaintiff requests the following relief:

A.      That the Court certify the proposed classes;

B.      That the Court appoints Plaintiff as class representative;

E.      That the Court appoint the undersigned counsel as counsel for the classes;

F.      That the Court enter a judgment permanently enjoining Defendant from the conduct above;

G.      That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $1,000 for each negligent violation of the SCTPPA and $5,000 for each knowing or willful violation;

I.      That the Court enter an order awarding the Plaintiff reasonable attorneys' fees and costs; and

J. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each negligent violation of the TCPA or FTSA and $1,500 for each knowing or willful violation;

K. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff requests a jury trial.

Dated March 18, 2025

/s/ *Avi R. Kaufman*
Avi R. Kaufman (FL Bar no. 84382) (lead counsel)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Counsel for Plaintiff and the proposed Classes*